FILED
JAMES J. VILT, JR. - CLERK
APR 05 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

UNITED STATES OF AMERICA          PLAINTIFF

v.                                CRIMINAL NO. 1:23cr18-GNS

MARK ANTHONY WILLIAMS             DEFENDANT

PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, MARK ANTHONY WILLIAMS, and his attorney, Guthrie True, have agreed upon the following:

1. Defendant agrees to waive Indictment by the grand jury and to plead guilty to a felony Information which will be filed against defendant by the United States Attorney for the Western District of Kentucky. That information will charge defendant with a violation of 18 U.S.C. § 1344.

2. Defendant has read the charge against him contained in the Information, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to Count 1 in this case. Defendant will plead guilty because he is in fact guilty of the charge. The parties agree to the following factual basis for this plea:

All events occurred in the Western District of Kentucky.

In May 2012, Williams, through his company, Franklin Shoppes, LLC, (Franklin), entered into a Loan and Security Agreement (Agreement) with PBI Bank (PBI). The Agreement provided financing for Williams, through Franklin, to construct a shopping center in Franklin, Kentucky. Under the terms of the Agreement, Franklin was permitted to request draws from PBI for actual construction expenses and costs incurred.

S&R was a construction company that had several affiliated companies. S&R and its affiliates performed substantial work on the Franklin project. However, Williams did not submit S&R invoices for payment by PBI as part of Franklin draw requests. Rather, Williams created a company, CCC, that only existed on paper, and submitted inflated CCC invoices to PBI for S&R's work. This allowed Williams to use the CCC funds to pay for expenses related to Williams' other unrelated projects and business interests, while S&R remained largely unpaid.

In December 2012, construction was nearly completed and S&R was still owed over $200,000. On December 27, 2012, Williams, through Franklin, submitted a draw request to PBI for $204,968.33, and attached the largely unpaid S&R invoices. This work had already been funded by PBI through Williams' submission of the CCC invoices. PBI's architect discovered the attempted double payment and advised PBI not to fund the draw request, and the draw request was denied.

4. Defendant understands that the charge to which he will plead guilty carries a maximum term of imprisonment of 30 years, a maximum fine of $1,000,000, and a maximum 5 year term of supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.  Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.  Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.  Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

   A.  If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent

and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

  B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

  C. At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

  8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

  9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 30 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office by the date of sentencing.

  10. At the time of sentencing, the United States and the defendant agree to the following:

-agree that a sentence of imprisonment for one day, followed by 2 years of supervised release, is the appropriate disposition of this case.

-agree that a fine of $50,000, is appropriate, and is to be paid in full on or before the sentencing date.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-stipulate that actual amount of loss involved in this case is $0, while the intended loss was $204,968.33.

11. Defendant agrees to the following waivers of appellate and post-conviction rights:

   A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

   B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

   C. The Defendant knowingly and voluntarily waives the option to file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government or a motion for compassionate release under 3582(c)(1)(A), limited to the grounds set forth in U.S.S.G §1B1.13 until such provision is modified by the Sentencing Commission, filed by the defendant.

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

12. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offense covered by this Agreement.

13. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

14. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service. Defendant further agrees to the entry of an order under Fed. R. Crim. P. 6(e) authorizing the use of documents in possession of the Grand Jury to be used during the defendant's deposition as contemplated in paragraph 9 of this Agreement.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R.

Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing. The United States agrees that it has no reason to believe the defendant is a danger or a flight risk, and the United States will not seek detention prior to sentencing.

17. If the Court refuses to accept this agreement and impose sentence in accordance with its terms, pursuant to Fed. R. Crim. P. 11(c)(1)(C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

18. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which he has agreed, he is

in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw his guilty plea because of his breach.

19. This document and the supplemental plea agreement state the complete and only Agreement between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersede all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED BY:

MICHAEL A. BENNETT
United States Attorney

_____    3/10/23
David Weiser                       Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____    3/15/23
Mark Anthony Williams              Date
Defendant

8

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____    3/17/23
Guthrie True                       Date
Counsel for Defendant

MAB:DW:km