UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

UNITED STATES

v.   No. 1:23-cr-18-BJB

MARK ANTHONY WILLIAMS

MEMORANDUM OPINION & ORDER

Mark Anthony Williams pleaded guilty to (attempted) bank fraud. The parties proposed an agreed sentence, under Rule 11(c)(1)(C), calling for a $50,000 fine and a term of one day in prison followed by two years of supervised release. Despite doubts about the length and seriousness of the punishment—allayed largely by countervailing doubts about the age and seriousness of the offense—the Court accepted the C-plea agreement, approved Williams' conditional guilty plea, and imposed the proposed sentence. In response to a question about Williams' surrender to custody, the lawyers explained that he wouldn't have to spend a night in jail—and had already "served out" his time by checking in at the facility earlier in the day.

Defense counsel—who appears to have provided Williams with extremely effective representation—proceeded to request a further minimization of the restraints on his client's liberty. He asked the Court to waive the standard term of supervised release that would require Williams to get "permission from the court or the probation officer" before "knowingly leav[ing]" the district. *See* U.S.S.G. § 5D1.3(c)(3) ("The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer."). The Probation Office and U.S. Attorney didn't object. Rather than waive the condition on the spot, the Court requested a written motion describing the considerations that might warrant this deviation from the norm. That motion (DN 24) explains that Williams travels frequently, including during his period of pretrial release on bond: he is a developer with projects in Tennessee as well as Kentucky, suffers from health conditions that have required hospitalization, and spends the winter months at a home in Florida.

Sentencing judges have "broad discretion to impose appropriate conditions of supervised release." *United States v. Minor*, 440 F. App'x 479, 481 (6th Cir. 2011). Conditions should be "reasonably related" to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence and public protection, and necessary medical care or other correctional treatment. 18 U.S.C. § 3583(d)(1). At the same time, they should deprive the

defendant of no more liberty than necessary to serve the goals of deterrence, public protection, training, medical care, and correctional treatment. § 3583(d)(2). And they should be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3); U.S.S.G. § 5D1.3(b); *see also* U.S.S.G. § 5D1.3(c)–(e) (Sentencing Commission policy statements regarding standard, special, and additional conditions of supervision).

The Sentencing Commission has recommended that judges imposing a term of supervised release require defendants to inform probation officers (or the court) before they leave the district. U.S.S.G. § 5D1.3(c)(3). This frequently imposed condition, though no doubt an inconvenience, facilitates supervision by keeping probation officers informed of their defendants' whereabouts. It also serves to remind defendants that their freedoms are limited relative to those of others who have not been convicted and sentenced to a term of imprisonment (even if merely a day) followed by a term of supervised release. And the burden is typically minimal: this condition doesn't prevent defendants from ever traveling—but only from doing so without permission.

The Court doubts this condition is strictly necessary—given Williams' age, health, and good behavior—to serve any interests in public protection or correction. But Williams' motion fails to explain why this incremental deprivation of his liberty is not warranted given the need for the sentence to afford adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a)(2)(B). He received the minimum amount of imprisonment contemplated under the guidelines and paid a $50,000 fine—not peanuts, but not a huge portion of his means, either. The principal bite of this sentence is found in the fact of a felony conviction and the two-year term of supervised release. (The Court already waived the drug-testing condition—which in this case served no deterrent or punitive purpose whatsoever—based on the parties' agreement that Williams uses no drugs, alcohol, or tobacco. *See* U.S.S.G. § 5D1.3(a)(4) (condition can be suspended for a defendant with "a low risk of future substance abuse")). In support of his motion to waive the travel condition, Williams expresses his desire to travel from Bowling Green to his home in Florida during the cold-weather months of the year. DN 24 ¶ 2. He also notes that he has done so without issue throughout this case. ¶ 3. This calls into question whether the term of supervised release requested by the Government and imposed by the Court—if further leavened by removing the travel-permission condition—would amount to any meaningful deterrent for financial crimes of the sort Williams attempted. 18 U.S.C. §§ 3553(a)(2)(B). It would equally call into question the United States' investment of more than ten years' of prosecutorial and investigatory efforts into securing this conviction. § 3553(a)(1).

The motion, therefore, does not sufficiently demonstrate how his case differs from that of other similarly-situated defendants who would presumptively be subject to this restriction. *See* § 3583(c) (incorporating, among other provisions § 3553(a)(6),

which addresses "the need to avoid unwarranted sentencing disparities"). Nor has Williams shown that supervised release, as he seeks to modify it, would provide "adequate deterrence" given the totality of the sentence imposed. *See* §§ 3583(a)(2)(B) & 3553(c). Williams may still travel to Florida under the standard conditions of release; like most other defendants (who almost by definition will have received harsher sentences than he did) he simply must clear that travel with the Probation Office or the Court. That is an appropriate punishment that contributed to the Court's acceptance of the C-plea. If the condition proves to be unduly onerous in practice, Williams or the Probation Office may always request its amendment or removal at a later point. *See* § 3583(e)(2); Fed. R. Crim. P. 32.1(c).

## Order

The Court denies Williams's motion for relief from travel restrictions. DN 24.