## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**UNITED STATES**

v.                                                          No. 1:23-cr-18-BJB

**MARK ANTHONY WILLIAMS**

\* \* \* \* \*

### CD=B=CB & ORDER

Defendant Mark Anthony Williams filed a motion for permission to travel outside the United States. DN 33. This is the third such request the Court has considered since Williams' term of supervised release began on July 25, 2023. *See* DNs 29 & 31. He represents that he has been fully compliant with the terms of his release and that the Government does not object to the request. The U.S. Probation Office agrees and doesn't oppose this request. The Court therefore grants the unopposed motion to travel outside the United States from August 20–28, 2024.

Williams' request indicates that he intends to move for early termination of supervised release. The Court does not anticipate granting such a request without a compelling reason to reconsider the sentence imposed in 2023. A district court "may" terminate supervised release early if, after at least a year, the "interest of justice" and typical sentencing factors warrant a shorter term. 18 U.S.C. § 3583(e) & (e)(1) (cross-referencing several subsections of 18 U.S.C. § 3553(a)). Revisiting a sentence in this manner is neither favored nor common, however. Those sentencing considerations under § 3553(a) overlap with the ones the judge already accounted for at the time of sentencing. And "mere compliance with the terms of supervised release," of course, "is expected"—"and without more [is] insufficient to justify early termination under 18 U.S.C. § 3583(e)." *United States v. Taylor*, 729 F. App'x 474, 475 (2018).

Williams' compliance with the terms of his supervision is commendable. But what "more" would "justify early termination"? *Id.* Under a Rule 11(c)(1)(C) plea agreement with the Government, he received the minimum amount of imprisonment contemplated under the Guidelines. After considering the factors set forth in § 3553(a), the Court accepted that agreement—"[d]espite doubts about the length and seriousness of the punishment" offered by the Government. Memorandum Opinion

& Order (DN 26) at 1. And since then, the term of supervised release apparently hasn't impeded Williams from traveling regularly since his brief period of detention. Any further reduction in this minimal sentence could be construed—by the Defendant, the criminal bar, or others—as an indication that this Court didn't take seriously the sentence it imposed. That, in turn, could underserve the interests in deterrence and punishment served by the conviction and judgment in this white-collar case. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Benjamin Beaton, District Judge
United States District Court

August 12, 2024